UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEO FIDDEMON, | : |
|    Plaintiff | :   CIVIL ACTION NO. 3:21-144 |
| v. | :   (JUDGE MANNION) |
| PATROLMAN ROBERT MAHOLIK,<br>PATROLMAN JOSEPH WOZNIAK,<br>and WILKES-BARRE TOWNSHIP, | :<br><br>: |
|    Defendants | : |

## MEMORANDUM

Presently before the court, in this civil rights action under 42 U.S.C. §1983, is the defendants' motion to dismiss, (Doc. 7), plaintiff's amended complaint, (Doc. 4), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a cognizable 4th Amendment false arrest and excessive force claims as well as due process claims under the 5th and 14th Amendments. The defendants also contend that the plaintiff failed to state cognizable municipal liability claims against Wilkes-Barre Township, ("W-B Twp."), under Monell. After the defendants filed their motion to dismiss, and after discovery was completed, the defendants then filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56(c), (Doc. 23). The motion for summary

judgment has been fully briefed and Exhibits were submitted, and it is pending before the court.

In Count I, plaintiff, an African American, who ostensibly committed a minor traffic violation, alleges that defendants violated his "Fourth Amendment right to be free from unreasonable searches and seizures by falsely arresting Plaintiff and then brutalizing him." The court construes plaintiff as raising false arrest and excessive force claims in Count I under the 4th Amendment.

The court has reviewed the briefs of the parties regarding the defendants' motion to dismiss. Accepting the allegations in the amended complaint as true, as the court must, *see* Wheeler v. Wheeler, 639 Fed.Appx. 147, 149 (3d Cir. 2016) ("In evaluating a motion to dismiss, [the court] consider[s] the well-pleaded allegations of the complaint, accepting factual allegations as true and drawing all reasonable inferences in favor of the plaintiff."), the plaintiff has stated plausible 4th Amendment claims against the individual defendant officers in Count I. Plaintiff has plead sufficient facts that make it plausible that the two defendant officers lacked probable cause to arrest him and to believe that plaintiff had committed the offenses with which he was charged. (*See* Doc. 4, ¶'s 11-17). *See* Watson v. Witmer, 183 F.Supp.3d 607, 614-15 (M.D. Pa. 2016) (finding that a determination that

probable cause must have existed [by defendant officer] was premature at the motion to dismiss stage). Thus, defendants' motion to dismiss plaintiff's false arrest claim against the defendant officers is denied.

The plaintiff has also plausibly stated a 4th Amendment excessive force claim against the defendant officers in Count I and, the defendants' motion to dismiss it is denied. (*See* Doc. 4 at 4) (alleging that after his arrest, "Maholik then placed [plaintiff] in a 'headlock' and began choking him", and then "Patrolman Maholik, Patrolman Wozniak and two other officers dragged [plaintiff] by his neck down a long hallway to a holding cell.").

Plaintiff sues the two defendant officers in both their individual and official capacities. The plaintiff's claims in Count I to the extent that they are asserted against the individual defendants in their official capacities are dismissed. See Watson, 183 F.Supp.3d at 614 n. 3 (noting that "the assertion of an official capacity claim against a government official is duplicative of a claim against the governmental entity itself.") (citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

As such, the plaintiff's false arrest and excessive force claims against the defendant officers in Count I will proceed only to the extent that they are sued in their individual capacities.

The court will also dismiss the plaintiff's 5th Amendment due process claim in Count II since, as plaintiff now concedes, the Due Process Clause of the Fifth Amendment only applies to federal officials, *see* Bergdoll v. City of York, 515 Fed.Appx. 165, 170 (3d Cir. 2013) ("[plaintiff's] Fifth Amendment claim fails because the Due Process Clause of the Fifth Amendment only applies to federal officials, and Officer[s] [are] state official[s]"), and there are no federal official defendants in this case. As such, plaintiff's 5th Amendment claim is dismissed against all defendants.

Further, the plaintiff's 14th Amendment due process claim in Count II is dismissed since his false arrest and excessive force claims are cognizable under the 4th Amendment. In Wheeler, 639 Fed.Appx. at 151, the Third Circuit explained:

> The Supreme Court has noted that, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (internal quotations omitted). More specifically, redress for alleged false arrest or malicious prosecution "cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights" such as the Fourth Amendment. Merkle, 211 F.3d at 792.

*See also* Berg v. Cty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (reliance on the Due Process Clause of the 14th Amendment is not

appropriate when the conduct at issue is "governed by a specific constitutional amendment."); Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1871 (1989) (holding that claims of excessive force to effect arrest analyzed under a 4th Amendment standard).

Thus, Count II of the amended complaint is dismissed in its entirety with prejudice.

The defendants' motion to dismiss plaintiff's claims for injunctive relief is granted since plaintiff does not oppose and concedes to the dismissal of his stated claims.

Moreover, plaintiff's claims for declaratory judgment in his amended complaint seeking a "declaration that Defendants' conduct as set forth herein is in violation of Section 1983", are dismissed, as plaintiff now concedes they should be dismissed, since plaintiff failed to allege ongoing violations of his constitutional rights. See Blakeney v. Marsico, 340 Fed.Appx. 778, 780 (3d Cir. 2009) (Third Circuit held that to satisfy the standing requirement of Article III, a party seeking declaratory relief must allege that there is a substantial likelihood that he will suffer harm in the future)(citations omitted). However, plaintiff is not entitled to declaratory relief that defendants violated his rights in the past as he alleges. Id. (citing Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987)) (Third Circuit directed district court to dismiss plaintiff's §1983

claim for prospective relief where he "has done nothing more than allege past exposure to unconstitutional state action").

Next, the court finds that plaintiff has stated cognizable municipal liability claims against W-B Twp. in Count I under Monell v. Dep't of Social Servs., 436 US 658, 694 (1978), based on his allegations that the defendants' actions were the result of a policy, custom or practice of pulling over African Americans and jailing them, and he has alleged sufficient facts to establish a failure to train and supervise claim against W-B Twp. (*See* Doc. 4, 30-37, 40-46). The plaintiff has been afforded the opportunity to present facts and evidence through discovery regarding his Monell claims against W-B Twp. and these claims may be reconsidered with defendants' summary judgment motion. Thus, defendants' motion to dismiss the municipal liability claims against W-B Twp. in Count I is denied. *See* Watson, 183 F.Supp.3d at 614-15.

Finally, the plaintiff's claims for punitive damages against W-B Twp. and against the defendant officers in their official capacities are dismissed. *See* City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (holding that municipalities are "immune from punitive damages under 42 U.S.C. §1983."). However, to the extent plaintiff seeks punitive damages against defendant officers in their individual

capacities, defendants' motion to dismiss is denied since punitive damages are recoverable in individual capacity suits against state actors for conduct exhibiting "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law", Smith v. Wade, 461 U.S. 30, 51, 103 S.Ct. 1625 (1983), and, plaintiff's allegations sufficiently allege such conduct by defendant officers. However, the court may revisit this issue when considering the evidence along with defendants' summary judgment motion.

Accordingly, defendants' motion to dismiss, **(Doc. 7)**, plaintiff's amended complaint, **(Doc. 4)**, is **GRANTED IN PART AND DENIED IN PART**, as specified above.


*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 13, 2022**
21-144-06